JOSEPH W. BELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bell v. Commissioner
Docket No. 3008-78.
United States Tax Court
T.C. Memo 1980-467; 1980 Tax Ct. Memo LEXIS 116; 41 T.C.M. (CCH) 215; T.C.M. (RIA) 80467; October 21, 1980, Filed *116 Petitioner worked as a taxi driver in Las Vegas, Hevada.He filed no income tax returns and kept no records for the years in issue. Held: (1) Petitioner failed to prove that respondent erred in determining petitioner's tip income.(2) Petitioner failed to prove that respondent erred in determining petitioner's kickback, or commission, income. (3) Respondent's determination of an addition to tax under sec. 6651(a) (failure to file return) sustained. (4) Respondent's determination of an addition to tax under sec. 6653(a) (negligence) sustained. Joseph W. Bell, pro se. Gordon W. Cook and Dianne I. Crosby, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6651(a) [1] (failure to file return) and 6653(a) (negligence) against petitioner as follows: [2] *117 Additions to tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1969
$ 1,868
$ 232
$ 93
1970
1,435
169
72
1971
1,407
177
70
1972
1,421
180
71
1973
1,880
235
94
1974
2,148
185
107
After concession by petitioner that he received the income shown on the Forms W-2 for the years in issue and determined by respondent to have been received by him, the issues remaining for decision are as follows: (1) Whether respondent erred in determining petitioner's tip income; (2) Whether respondent erred in determining petitioner's "kickback", or commission, income; (3) Whether petitioner is liable for additions to tax under section 6651(a); and (4) Whether petitioner is liable for additions to tax under section 6653(a). FINDINGS OF FACT *118 Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioner resided in Las Vegas, Nevada.
Petitioner worked full-time as a taxi driver for the Yellow Cab Company in Las Vegas, Nevada, from 1959 at least until the trial in the instant case. Petitioner's wages received from his employer during the years in issue amounted to one-half of his gross booked fares. During the years in issue, petitioner worked the 8:30 p.m.-to-5:30 a.m. shift anywhere in Las Vegas except the Westside. Taxi drivers were not obligated to share their tips with the taxi companies for which they worked. Petitioner maintained no record of his tip income; he did not report his tips to his employer. Occasionally, petitioner received kickbacks or commissions from restaurants, motels, wedding chapels, and other establishments. Petitioner did not file income tax returns for any of the years in issue. Petitioner completed high school. Petitioner maintained a "trip sheet" or daily log of fares, showing miles driven, units clocked, number of passengers, etc.; correct completion of a trip sheet required *119 an understanding of, and an ability to perform, arithmetic calculations and an ability to balance cash received against the reported totals. For the notice of deficiency, as to each of the years before the Court respondent doubled the amount shown on petitioner's Form W-2 as wages for that year, in order to determine the gross fares charged on petitioner's taxi meter, and assumed that petitioner's tip income for that year averaged fifteen percent of these gross fares. Also, respondent determined that petitioner received $50 in 1973 and $424 in 1974 as kickbacks, or commissions. Some part of petitioner's underpayments were due to negligence for each of the years before the Court. OPINION 1. Tip Income
Petitioner maintains that he booked all of his tips on his taxi meter during the years in issue, and we infer [3] *120 that his position is that, as a result, his net tip income was reflected as "wages" on his Forms W-2. Respondent contends that petitioner's tip income during the years in issue was not less than the amounts determined on the notice of deficiency. In addition to the wages shown on petitioner's Forms W-2.
We agree that respondent's determinations as to petitioner's tip income have not been shown to be in error. Tips are, of course, includible in gross income under section 61(a), [4] e.g., ; . If a taxpayer fails to keep records or the records kept do not clearly reflect income, then respondent may reconstruct the taxpayer's income by use of a formula. See , affg. a Memorandum Opinion of this Court; [5]; . It is, however, open to petitioner to point out areas or specific instances in which the method used by respondent failed to reflect his true income. . The parties *121 have stipulated that petitioner kept no record of his tip income, that he reported no tips to his employer, and that his wages were fifty percent of his gross booked fares. Petitioner introduced no evidence, other than his own testimony, to support his contention that he booked all of his tips on his taxi meter. Petitioner admitted he had no record to support his contention and that he had never told his employer that he engaged in such a practce. In addition, the record discloses that taxi drivers were not required to share their tips with the taxi companies for which they worked, that stories about "booking" tips were regarded as standing jokes, and that petitioner generally stopped his taxi meter immediately upon arriving at the designated destination. Moreover, petitioner understood that booking tips would result in his employer keeping half of his tip income. We conclude that petitioner failed to prove that his tip income during any of the years in issue was less than that determined by respondent. 2. Kickback, or Commission, Income
Petitioner stipulated that he occasionally received kickbacks or commissions from restaurants, motels, wedding chapels, and other establishments. *122 At trial, petitioner did not introduce any evidence directed to the question of how much kickback income he received during the years in issue. What evidence was introduced tended to show that respondent's determination may have understated petitioner's income from such sources. We conclude that petitioner failed to prove that his kickback, or commission, income during the years in issue was less than that determined by respondent. 3. Addition to Tax - Failure to File Return
Petitioner has the burden of proving error in respondent's determination that an addition to tax should be imposed under section 6651(a) for each of the years before the Court. . Petitioner stipulated he filed no returns for the years in issue. Petitioner explained that he thought the withheld Federal income tax was sufficient to meet his obligations. Evidently, it was not sufficient. We conclude that petitioner has failed to prove that his failure to file income tax returns for any of the years before the Court was due to reasonable cause and not due to willful neglect. 4. Addition to Tax - Negligence
Petitioner has the burden of proving error in respondent's *123 determination that an addition to tax should be imposed under section 6653(a) for each of the years before the Court. . Petitioner admitted he never maintained any record of his income. Petitioner had a high school education and was capable of performing the arithmetic skills necessary to maintain the "trip sheet". Petitioner introduced no evidence to explain why he kept no records. We conclude that some part of petitioner's underpayments were due to negligence for each of the years before the Court. On all the issues before the Court we hold for respondent. In light of the foregoing, Decision will be entered for the respondent. Footnotes
1. Unless indicated otherwise all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue. ↩
2. Since respondent determined that no returnes were filed by petitioner, respondent determined deficiencies in the full amounts of the asserted tax liabilities (sec. 6211), but concedes that petitioner is entitled to credit for withholding of $940, $760, $697, $699, $941, and $1,410 for the years 1969 through 1974, respectively (based on W-2 forms), and has calculated the additions to tax under section 6651(a) as 25 percent of the amounts by which the determined deficiencies exceed the determined withheld amounts (see sec. 6651(b)). The negligence additions to tax (sec. 6653(a)), however, have been computed as 5 percent of the total determined deficiencies.
3. Petitioner filed no brief; his positions on the issues are gleaned from his testimony at the trial herein.
4. SEC. 61. GROSS INCOME DEFINED. (a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; ↩
5. .↩